UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

CORY DEROCHA,

    Plaintiff,

v.

MARQUETTE COUNTY CIRCUIT COURT
and MARQUETTE COUNTY FRIEND OF
THE COURT,

    Defendants.

Case No. 2:14-CV-91

HON. GORDON J. QUIST

---

## **OPINION**

Plaintiff, Cory Derocha, has filed a filed a document titled "To Whom it May Concern," which the Clerk has construed as a complaint against the Marquette County Circuit Court and the Marquette County Friend of the Court. Derocha states that he is unable to pay child support and asserts that he is "unfairly being thrown in jail by the Marquette County Court." Derocha does not ask for any specific relief.

On April 17, 2004, the magistrate judge issued an order granting Derocha leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to dismiss any action if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) (holding that "§ 1915(e)(2) applies only to in forma pauperis proceedings"). The Court must read Derocha's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept his allegations as true, unless they are

clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). For the reasons set forth below, the Court concludes that Derocha's complaint must be dismissed.

First, Derocha's complaint is subject to dismissal for lack of jurisdiction because it appears to be an improper attempt to seek federal court review of a state-court judgment. *See In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009) (noting that "federal district courts lack jurisdiction to review [state-court judgments]"). Thus, this Court lacks jurisdiction to review the state-court judgment:

> Under [the *Rooker-Feldman*] doctrine, lower federal courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517 (2005).

*Davis v. United States*, 499 F.3d 590, 595 (6th Cir. 2007). Accordingly, the Court lacks jurisdiction to grant Derocha relief with regard to the state-court's order.

Second, Derocha's complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). An allegation of being unfairly thrown in jail for failing to pay child support does not state any type of legally-cognizable claim. Something that is "unfair" is not necessarily unlawful. Derocha does not claim that the state-court's order was unlawful in any manner. Moreover, Derocha fails to request any relief at all, other than that the Court "tak[e] the time to read [his complaint]." (Dkt. # 1 at Page ID 2.)

Finally, Derocha's complaint is subject to dismissal because "the Eleventh Amendment bars any claim that he might have against the State of Michigan or its courts." *Rowe v. Children's Hosp. of Mich.*, No. 99-1888, 2000 WL 799311, at *1 (6th Cir. June 16, 2000). "It is a fundamental principle of our federalism that the Eleventh Amendment bars suit against a state or one of its agencies in federal court without its consent." *Salt Lick Bancorp v. FDIC*, 187 F. App'x 428, 442 (6th Cir. 2006). This is true regardless of the relief sought. *Pennhurst State Sch. & Hosp. v.*

*Halderman*, 465 U.S. 89, 100 (1964).  Because a suit against Michigan's courts is a suit against the State of Michigan, and Michigan has not waived its immunity to suit under the Eleventh Amendment, *see Doe v. Wigginton*, 21 F.3d 733, 736-37 (6th Cir. 1994), Derocha's complaint must be dismissed.

    An Order Consistent with this Opinion will be entered.


Dated:  June 5, 2014                                        /s/ Gordon J. Quist
                                                                         GORDON J. QUIST
                                                   UNITED STATES DISTRICT JUDGE